JOSEPH F. HUBKA V. STATE OF NEBRASKA.

FILED OCTOBER 26, 1925. No. 24551.

1. Evidence examined, and *held* sufficient to support the verdict.
2. Rape: SENTENCE. Evidence examined, and *held* that the sentence imposed of twenty years in the penitentiary was excessive and is reduced to three years.

ERROR to the district court for Gage county: WILLIAM J. MOSS, JUDGE. *Affirmed: Sentence reduced.*

*Hazlett, Jack & Laughlin* and *Lloyd Crocker,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Bayse, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Joseph F. Hubka, hereinafter referred to as the defendant, was convicted in the district court for Gage county of the crime of statutory rape, and sentenced to a term of twenty years in the penitentiary.

Alleging that there was error upon trial, the defendant

has brought the record of his conviction to this court for review. In the information the venue was laid in Gage county. Upon the oral argument two main questions were urged for a reversal of the judgment: First, that the evidence is not sufficient to support the judgment because the venue was not established; second, that the sentence imposed was unduly oppressive.

The defendant, while a witness in his own behalf, admitted the act of intercourse, but testified that it occurred in Johnson county, which is the county directly east of Gage county. It is elementary that the venue is one of the essential elements to be established in criminal prosecutions. The record shows that at the time in question the prosecutrix was almost 17 years of age; that she and the defendant, a young man just past 21 years of age, were out riding in an automobile. The prosecutrix testified that the act of intercourse took place in Gage county about 2 or 2½ miles east of the village of Filley, which was 3½ miles west of the Johnson county line. She described the location with considerable minuteness. Other witnesses testified the place which she described was in Gage county. Some effort was made to discredit her testimony by showing that upon the preliminary examination she had testified that the place where the act occurred was 5 miles east of Filley, which would be in Johnson county. Upon the trial she testified that she had not made such a statement. Under this state of the record, it was clearly for the jury to determine whether the venue, as charged, had been established beyond a reasonable doubt. It being a question for the jury and their finding being supported by the evidence, we are not disposed to disturb their verdict.

It is next urged that the penalty imposed was unduly oppressive. Our statute, in so far as applicable to the present situation, provides in substance that if any male person of the age of 18 years or upwards shall carnally know any female child under the age of 18 years with her consent, unless such female child is over 15 years of age, and previously unchaste, he shall be deemed guilty of rape,

and shall upon conviction be imprisoned not less than three years nor more than twenty years. It is obvious from this wide range in the penalty prescribed for this offense that the legislature had in mind that cases might arise in which the minimum as well as cases in which the maximum penalties would properly apply. In our view the present case does not call for the extreme penalty. This case is not one where an assault or violence was resorted to. The prosecutrix assented to the act, although under the statute she could not consent to the violation of her person. It was a moral surrender on the part of both.

An examination of cases in this court involving somewhat similar circumstances discloses that the sentence imposed in this case was far more severe than in any other case we have been able to find. In view of the entire record, we think the ends of justice will be served and the law vindicated by reducing the penalty from twenty years to three years.

In the brief other alleged errors are discussed, including criticism of the instructions given by the court. We find no merit in these alleged errors. The defendant's rights were carefully protected and the issues submitted to the jury under proper instructions.

As thus modified, the judgment of the district court is affirmed.

AFFIRMED: SENTENCE REDUCED.